**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE GILBERT YOUNG,** | § | |
| **TDCJ # 1299879** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-09-CA-965-XR** |
| **BEXAR COUNTY SHERIFF'S OFFICE,** | § | |
| **BEXAR COUNTY ADULT DETENTION** | § | |
| **CENTER,** | § | |
| **UNIVERSITY HOSPITAL,** | § | |
| | § | |
| **Defendants** | § | |

# SHOW  CAUSE  ORDER

Before the Court is Plaintiff Joe Gilbert Young's Civil Rights Complaint. Plaintiff, a former

inmate at the Bexar County Adult Detention Center, alleges the following: On July 24, 2009,

Plaintiff experienced vomiting and dizziness, and he was examined by a doctor. The doctor

prescribed medication, but he forgot to have the medication put on the medication cart. Plaintiff

returned to the doctor for vomiting, dizziness, nausea, and stomach pain on July 27, 2009, and the

doctor sent Plaintiff to University Hospital. Bexar County Sheriff's officers transported Plaintiff to

the hospital. Plaintiff waited three hours before nurses took his blood pressure and temperature.

Plaintiff was left on the floor untreated, with no food and water, for thirty-two hours. During that

time, all three shifts changed twice. Plaintiff states two hispanic inmates were treated for spider bites

and left within six hours. Plaintiff asserts the delay for his medical care was because he is African

American. Plaintiff contends the nursing staff and doctors acted as if they did not want to treat him.

However, Plaintiff also states a doctor saw Plaintiff at the hospital. It appears Plaintiff was

examined. Plaintiff asked for Benadryl and an antibiotic, but the medical staff would not give them

to him. The medical staff discharged Plaintiff even though he was still sick. Back at the jail facility,

Plaintiff got worse on August 1, 2009. The right side of his face was swollen and his right eye closed shut. Plaintiff states this was due to an infection.

Plaintiff sues the Bexar County Sheriff's officers who transported him to the hospital, because they did not ensure he got help at the hospital. Plaintiff sues the Bexar County Adult Detention medical staff for misdiagnosing him and because the doctor committed gross negligence in failing to have Plaintiff's medication placed on the medication cart. Plaintiff sues University Hospital for leaving Plaintiff on the floor untreated for thirty-two hours. Plaintiff asks for $20,000 from each Defendant and for twenty years of medical treatment.

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When interpreting a prisoner's complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th 2006).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1.      Plaintiff does not allege any cause of action against or acts done by Defendant Bexar County Adult Detention Center. Moreover, the Bexar County Adult Detention Center is a building and is not a separate jural entity subject to suit in a § 1983 action, *see Darby v. Pasadena Police Department*, 939 F. 2d 311, 313 (5th Cir. 1991); therefore it is not a proper party to this suit. Instead, the proper party is Bexar County. Also, a suit against Bexar County Sheriff's officers and the Bexar County doctor at the jail facility is in reality a suit against Bexar County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County.

2.      To establish a civil rights claim for the denial of medical care, a prisoner must allege and

prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Delay in providing medical care violates the Eight Amendment if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a physician's course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

Plaintiff's suit against the Bexar County Sheriff's officers is frivolous and fails to state a claim. The officers took Plaintiff to the hospital. Once at the hospital, Plaintiff's medical care was the function of the medical staff at University Hospital — it was not the function of the officers. Plaintiff does not allege what the officers could have done, other than to transport him to the hospital, which they did. Plaintiff does not allege how he was harmed by any inaction of the officers.

Plaintiff's claims of negligence against the jail facility doctor for misdiagnosis and for failing to have Plaintiff's medication put on the medication cart are frivolous and fails to state a claim. Negligence and medical malpractice are not bases for a civil rights action. *Daniels v. Williams*, 474 U.S. at 329-336; *Estelle v. Gamble*, 429 U.S. at 106.

Plaintiff suggests he was examined by a doctor at University Hospital. However, Plaintiff does not state the results of the examination. Plaintiff has not alleged the nature of his illness, so he does not allege his medical needs were serious. Plaintiff asserts he suffered an infection a few days

later.  Again, any claims of misdiagnosis are not a basis for a civil rights action.  Plaintiff was seen by medical personnel at the hospital when the nurses took his blood pressure and temperature. Plaintiff states he was left on the floor.  It is not clear whether there were places to sit or bedding on which to lay down.  Given that Plaintiff was vomiting, it is not clear why he complains of not having food and drink.  Plaintiff was then apparently seen by medical staff over one day later.  Plaintiff does not allege any substantial harm to him caused by a delay in the provision of medical care.  It is common knowledge that people in the free world outside of jail sometimes have to wait over one day for an appointment to be seen by a doctor when they are experiencing Plaintiff's symptoms.

Plaintiff's claim of discrimination by hospital staff is conclusory and is subject to dismissal on that basis.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.** Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1).  If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED on March 2, 2010.**

_Nancy Stein Nowak_
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**