UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOE GILBERT YOUNG,** | § | |
| **TDCJ #1299879** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No.  SA-09-CA-965-XR |
| v. | § | |
| | § | |
| **BEXAR COUNTY,** | § | |
| **BEXAR COUNTY SHERIFF'S OFFICE,** | § | |
| **BEXAR COUNTY ADULT DETENTION** | § | |
| **CENTER, and UNIVERSITY HOSPITAL** | | |
| | | |
| *Defendants*. | | |

### ORDER

On this date, the Court considered Plaintiff Joe Gilbert Young's complaint[1] and amended complaint[2] alleging violations of his civil rights under 42 U.S.C. § 1983.  Having considered both the complaint and amended complaint filed in this case, Plaintiff's amended complaint is **DISMISSED IN PART** for failure to state a claim for which relief may be granted.

### Background and Procedural History

Plaintiff, an inmate at the Bexar County Adult Detention Center, alleges that on July 24, 2009, he was seen by a physician at the jail for symptoms of vomiting and dizziness.  The examining physician prescribed medication, but forgot to place the medication on the medication cart.  On July 27, 2009, Plaintiff returned to the physician, alleging symptoms of vomiting, dizziness, nausea, and

---

[1] Docket Entry No. 1.

[2] Docket Entry No. 10.

stomach pain.  At that time, the examining physician sent Plaintiff to University Hospital for immediate treatment.

Plaintiff asserts that he was transported to University Hospital by Bexar County Sheriff's Department officers who failed to see that he received medical attention and/or treatment in a timely manner.  Plaintiff waited three (3) hours for medical attention from University Hospital staff upon arrival, and was later left unattended in a holding cell for thirty-two (32) hours.  Plaintiff alleges that during this time he was denied food and water, was lying on the floor of the holding cell in pain, and made repeated requests for assistance to the guards. During this time, Plaintiff observed the shifts change twice.

Plaintiff also alleges that during a portion of this thirty-two (32) hour period two intoxicated inmates were placed in the cell with him and assaulted him.  The officers provided no protection or security for the Plaintiff.  Plaintiff asserts that his claim is based on the deliberate indifference of Bexar County officers to the health and physical safety of the Plaintiff while under their care. Although Plaintiff was examined by a doctor at University Hospital and discharged, his condition became worse on August 1, 2009.  Plaintiff alleges that the right side of his face became swollen so that his right eye was swollen shut due to an infection.  Plaintiff was later diagnosed with a severe virus that affected his motor skills and balance, and presented with symptoms of vomiting and dizziness.  As a result of the indifference of the Bexar County officers, Plaintiff alleges that he is still experiencing physical complications, such as passing blood through his bowel movements.

Plaintiff also alleges that the failure of the Bexar County officers and medical staff at University Hospital can be attributed to discrimination on the basis of race.  Plaintiff asserts that because he is African-American he was denied treatment, while other Hispanic inmates were treated

2

quickly and effectively upon their arrival at the hospital.

Plaintiff filed his complaint on September 1, 2009 against Bexar County Sheriff's Office, Bexar County Adult Detention Center, and University Hospital.[3] On March 2, 2010, Magistrate Judge Nancy Nowak issued an order to show cause requiring Plaintiff to demonstrate why his complaint should not be dismissed as frivolous or for failure to state a claim.[4] On March 16, 2010, Plaintiff filed his amended complaint adding Bexar County as a Defendant.[5]

**Legal Standard**

Article III of the Constitution requires that for a case or controversy to proceed in federal court, the complaint must allege an actual injury resulting from the purportedly illegal action that is more than *de minimis* or trivial. *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974). To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the complaint if the court determines it to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim sufficient to satisfy the requirements of Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," meaning the "[f]actual allegations must be enough to

---

[3]Docket Entry No. 1.

[4]Docket Entry No. 9.

[5] Docket Entry No. 10.

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must take the factual allegations in the complaint as true, and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the Plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). The complaint should not be dismissed for failure to state a claim unless it appears that the Plaintiff can prove no set of facts in support of his claim. *Id*. at 284-85.

When interpreting a prisoner's complaint, the court should look at the substance of the complaint, construe *pro se* complaints liberally, and set aside statements of "bare legal conclusions, with no suggestion of supporting facts." *Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, or for failure to state a claim. *See Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

## Analysis

42 U.S.C. § 1983 provides that:

> "Every person who, under color of any statue, ordinance, regulation, custom, or usage of any State... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured..."

42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the complaint must show (1) a deprivation of a right under federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Municipalities are "persons" within the meaning of 42 U.S.C. § 1983; however, they are liable only for their own acts

4

and not those attributed to them by *respondeat superior*. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). In order to recover against a government entity under 42 U.S.C. § 1983, a Plaintiff must show that a deprivation of a constitutional right took place pursuant to an official policy or custom. *Monell*, 436 U.S. at 690-91. To establish a civil rights claim for the denial of medical care under 42 U.S.C. § 1983, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligence is not a basis for a civil rights action under 42 U.S.C. § 1983 and "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106; *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986). Similarly, disagreement with a physician's course of treatment or unsuccessful medical treatment are not bases to support a civil rights action. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v.Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff names as Defendants Bexar County, Bexar County Sheriff's Office, Bexar County Adult Detention Center, and University Hospital. Plaintiff does not allege any causes of action against Bexar County Adult Detention Center. Furthermore, it is not a separate jural entity subject to suit in a 42 U.S.C. § 1983 action, and thus it is not a proper party to this suit. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). In addition, a suit against Bexar County Sheriff's Office and University Hospital is in reality a suit against Bexar County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The proper party to this suit is Bexar County, which was added as a party by Plaintiff's Amended Complaint.[6]

Plaintiff's claims of negligence against Bexar County for the actions of the examining

---

[6] Docket Entry No. 10.

physician at the Bexar County Adult Detention Center fail to state a claim on which relief may be granted. Negligence and medical malpractice, including misdiagnosis, are not bases for a civil rights action under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. The physician's actions in forgetting to place the Plaintiff's medication on the cart is mere negligence. In addition, Plaintiff's claims against Bexar County for medical malpractice in failing to diagnose Plaintiff's condition fail to state a claim on which relief may be granted.

Similarly, Plaintiff's claims against the nurses and hospital staff allege that they were negligent in taking his temperature and blood pressure upon his arrival at the hospital. As stated above, negligence and medical malpractice are not bases for a civil rights action under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Plaintiff alleges that he was discriminated against by hospital staff and Bexar County Adult Detention Center because of his race. However, Plaintiff's allegations do not provide any factual statements indicating discrimination on the basis of race, and are merely conclusory.

Plaintiff also claims that he was abandoned and left on the floor of a holding cell for thirty-two (32) hours without food, water, or medical attention. Some of the factual details, such as the availability of bedding in the holding cell and the position of the guards relative to the Plaintiff, remain unclear. Plaintiff alleges that this conduct was deliberate indifference on the part of Bexar County because the guards at the holding cell refused Plaintiff access to medical treatment even after his repeated requests. To state a claim under 42 U.S.C. § 1983, the complaint must show (1) a deprivation of a right under federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W.*, 369 F.3d at 482. In order to recover against a government entity under 42 U.S.C. §1983, a Plaintiff must show that a deprivation of a constitutional right took place pursuant

to an official policy or custom. *Monell*, 436 U.S. at 690-91. A Plaintiff must specifically identify a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). In order to assert his claim against Bexar County, Plaintiff must show a deprivation of a right under federal law caused by a state actor under color of state law. *Victoria W.*, 369 F.3d at 482. Private persons can also be held liable under 42 U.S.C. §1983 if they wilfully participate in a joint action with state agents. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

A Plaintiff may recover for failure to provide medical treatment under the cruel and unusual punishment clause of the Eighth Amendment if he proves that there was a deliberate indifference to his serious medical needs. *Estelle,* 429 at 107.; *Bias v. Woods*, 288 Fed.Appx. 158, 162 (5th Cir. 2008). To prove deliberate indifference, Plaintiff must prove the official was (1) "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) that the official "actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wonton disregard for any serious medical needs" is sufficient to support such a showing. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's suit against Bexar County based on the conduct of the officers is not frivolous and does state a claim for which relief may be granted. The Plaintiff's allegations indicate that he was unattended by guards or medical professionals despite his clear illness and need of medical attention. In addition, Plaintiff was deprived of food and water for thirty-two (32) hours. Plaintiff allegations

indicate that the failure to treat him caused harm by prolonging his illness and presenting difficulties in treatment.

Plaintiff's amended complaint also alleges that he was assaulted by intoxicated inmates. Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citation omitted); *see Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 828. An official is deliberately indifferent to a substantial risk of harm to an inmate if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Plaintiff alleges facts indicating that he was assaulted while in the holding cell. The guards did not interfere, and Plaintiff was injured as a result. These facts are also sufficient to state a claim and are not frivolous.

Plaintiff also requests that this Court appoint him an attorney to assist in this litigation. A court will only appoint counsel in a civil rights case in exceptional circumstances. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). The Court considers (1) the type and complexity of the case; (2) whether the Plaintiff is capable of adequately presenting the case; (3) whether the Plaintiff is able to adequately investigate the case; (4) whether the evidence is such that it requires skill in the presentation of evidence and cross-examination. *Id* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Considering these factors, the Court finds that appointment of counsel is not warranted in this case at this time.

Plaintiff's claims against Bexar County Sheriff's Office, Bexar County Adult Detention Center,

and University Hospital are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff's claims for negligence and malpractice against Bexar County are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).  Plaintiff's claims against Bexar County for failure to provide medical treatment and failure to prevent assault are not frivolous and are sufficient to state a claim upon which federal civil rights relief may be granted under 42 U.S.C. §1983.

It is so ORDERED.

SIGNED this 27th day of October, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE