UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE GILBERT YOUNG, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. SA-09-CA-965-NN |
| BEXAR COUNTY, BEXAR COUNTY SHERIFF'S OFFICE, BEXAR COUNTY ADULT DETENTION CENTER, UNIVERSITY HOSPITAL, | § § § § § § § | |
| Defendants | § | |

## ORDER GRANTING DEFENDANT BEXAR COUNTY'S MOTION FOR SUMMARY JUDGMENT

The parties have consented to having this case decided by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Defendant Bexar County has filed a motion for summary judgment (Docket Entry No. 27) in this 42 U.S.C. § 1983 civil rights case. Plaintiff originally alleged the following, as set out in this Court's Order of October 27, 2010 (Docket Entry No. 13).

Plaintiff, an inmate at the Bexar County Adult Detention Center, alleges that on July 24, 2009, he was seen by a physician at the jail for symptoms of vomiting and dizziness. The examining physician prescribed medication, but forgot to place the medication on the medication cart. On July 27, 2009, Plaintiff returned to the physician, alleging symptoms of vomiting, dizziness, nausea, and stomach pain. At that time, the examining physician sent Plaintiff to University Hospital for immediate treatment.

Plaintiff asserts that he was transported to University Hospital by Bexar County Sheriff's

Department officers who failed to see that he received medical attention and/or treatment in a timely manner. Plaintiff waited three (3) hours for medical attention from University Hospital staff upon arrival, and was later left unattended in a holding cell for thirty-two (32) hours. Plaintiff alleges that during this time he was denied food and water, was lying on the floor of the holding cell in pain, and made repeated requests for assistance to the guards. During this time, Plaintiff observed the shifts change twice.

Plaintiff also alleges that during a portion of this thirty-two (32) hour period two intoxicated inmates were placed in the cell with him and assaulted him. The officers provided no protection or security for the Plaintiff. Plaintiff asserts that his claim is based on the deliberate indifference of Bexar County officers to the health and physical safety of the Plaintiff while under their care. Although Plaintiff was examined by a doctor at University Hospital and discharged, his condition became worse on August 1, 2009. Plaintiff alleges that the right side of his face became swollen so that his right eye was swollen shut due to an infection. Plaintiff was later diagnosed with a severe virus that affected his motor skills and balance, and presented with symptoms of vomiting and dizziness. As a result of the indifference of the Bexar County officers, Plaintiff alleges that he is still experiencing physical complications, such as passing blood through his bowel movements.

Plaintiff also alleges that the failure of the Bexar County officers and medical staff at University Hospital can be attributed to discrimination on the basis of race. Plaintiff asserts that because he is African-American he was denied treatment, while other Hispanic inmates were treated quickly and effectively upon their arrival at the hospital.

Plaintiff's allegations indicate that he was unattended by guards or medical professionals despite his clear illness and need of medical attention. In addition, Plaintiff was deprived of food and water for thirty-two (32) hours. Plaintiff allegations indicate that the failure to treat him caused harm by prolonging his illness and presenting difficulties in treatment.

Plaintiff alleges facts indicating that he was assaulted while in the holding cell. The guards did not interfere, and Plaintiff was injured as a result.

Plaintiff's claims against Bexar County Sheriff's Office, Bexar County Adult Detention Center, and University Hospital were dismissed with prejudice , and Plaintiff's claims for negligence and malpractice against Bexar County were dismissed with prejudice (Docket Entry No. 13). Remaining are Plaintiff's claims against Bexar County for failure to provide medical treatment and failure to prevent assault.

Defendant Bexar County has filed a motion for summary judgment. A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "'genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a

prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986).

Bexar County's motion for summary judgment alleges Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion regardless of the relief sought as long as the grievance tribunal has authority to take some responsive action. *Booth v. Churner*, 531 U.S. 731, 740-41, 121 S. Ct. 1819, 149 L .Ed. 2d 958 (2001).

Bexar County has presented summary judgment evidence showing the Bexar County

Adult Detention Center has a two-step inmate grievance procedure. According to that facility's inmate handbook, an inmate may file a grievance about violations of civil rights, among other things. A grievance must be filed within seventy-two hours of the incident. If the inmate is not satisfied with the response to the grievance, the inmate has seventy-two hours from the receipt of the response to appeal to the jail administrator.

Plaintiff timely filed a grievance in case number 09-11441 on August 9, 2009, contending the following. On July 27, 2009, Plaintiff was vomiting, nauseous, and belching. A P.A. gave Plaintiff a shot and prescribed medicine that was never placed on the cart. On August 7, 2009, Plaintiff returned to the P.A. with the same symptoms, and Plaintiff was sent to University Hospital. Plaintiff was kept in a room on the floor for thirty hours without food, water, or treatment. After complaining, Plaintiff was seen. Medical personnel could not diagnose what was making Plaintiff sick. Plaintiff was discharged, and he stated he was still very sick. The grievance was referred to medical. Plaintiff filed another grievance in case number 09-12119 on August 20, 2009, inquiring about the lack of an answer to the first grievance. The second grievance reiterated his complaints in the first grievance. The second grievance also alleged that transport officers did nothing to help Plaintiff and that two Hispanic inmates were treated within six hours for spider bites, but Plaintiff was ignored because he was Black. The second grievance was referred to medical. A response to the first grievance was issued, which stated Plaintiff was adequately treated with antibiotics and a clear liquid diet. A response to the second grievance was also issued, which referred to the answer to the first grievance. According to Bexar County's summary judgment evidence, Plaintiff received the responses on August 28, 2009, but Plaintiff did not file an appeal to the jail administrator.

Plaintiff has filed a response to the motion for summary judgment. He contends the Bexar County Adult Detention Center does not pass out rule books to each inmate. He does not assert he did not receive a rule book, and he does not assert he was not made aware of the two-step grievance procedure. In reply, Bexar County points out that in another grievance, case number 09-14314, Plaintiff timely filed an appeal to the jail administrator on October 2, 2009.

Plaintiff also contends he was moved three times after filing his grievances, which made it take three to four weeks after August 28, 2009. He does not specify what took three to four weeks. Plaintiff claims the jail guards moved him to three or four different pods and cells, intentionally holding up and losing the answers to his grievances. Bexar County points out that his grievances pertaining to this case, number 09-11441 filed August 7, 2009, and number 09-12119 filed August 21, 2009, show he was housed in Unit AC, cell number 7. Moreover, Plaintiff's appeal to the jail administrator in 09-14314 on October 2, 2009, also states he was housed in that same cell. Thus, when it was time to pursue the second step of the grievance process within seventy-two hours after Plaintiff received the answer to grievance number 09-12119, Plaintiff was in the same cell he was in when he filed his grievance initially.

Plaintiff contends he did not appeal because he was sent to TDCJ on October 29, 2009, which was two weeks after he received an answer to his original grievance. Even if Plaintiff alleges sufficient facts to show he did not receive the answer to his grievance until approximately October 15, 2009, he still could have appealed to the jail administrator within seventy-two hours after receiving an answer to the grievance, which Plaintiff admits he received at least two weeks before he was transferred to TDCJ. Plaintiff has not presented evidence sufficient to defeat summary judgment on the issue of exhaustion.

Bexar County's summary judgment evidence shows Plaintiff did not exhaust his administrative remedies, because Plaintiff did not file an appeal to the jail administrator, and his time has expired for exhausting his administrative remedies. Therefore, Bexar County's motion for summary judgment (Docket Entry No. 27) is **GRANTED** and Plaintiff's complaint against Bexar County for failure to provide medical treatment and failure to prevent assault is **DISMISSED WITH PREJUDICE** for failure to exhaust his administrative remedies. Bexar County's motion to dismiss (Docket Entry No. 21) is **DISMISSED** as moot. All other pending motions are **DENIED**.

**It is so ORDERED.**

**SIGNED** on August 19, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE